**William E. DELPHY, Plaintiff-Appellant,**

v.

**BERNUTH, LEMBCKE CO., Inc., Defendant-Appellee.**

No. 15, Docket 23056.

United States Court of Appeals, Second Circuit.

Argued Nov. 9, 1954.

Decided Nov. 26, 1954.

Marvin Schwartz, New York City (Sterling & Schwartz and Betty H. Olchin, New York City, on the brief), for plaintiff-appellant.

Eli Ellis, New York City (McNutt & Nash and Robert S. Blanc, Jr., New York City, on the brief), for defendant-appellee.

Before CLARK, Chief Judge, and FRANK and HARLAN, Circuit Judges.

PER CURIAM.

Plaintiff here protests vigorously that his civil action remained pending for only 29 days; but the procedure which led to its dismissal appears routine

and regular. Plaintiff, a seaman, brought suit on October 13, 1953, claiming damages under the Jones Act, § 33, 46 U.S.C. § 688, for personal injuries sustained on defendant's ship, together with an allowance for maintenance and cure. Defendant answered on November 5 and also served notice of an examination of plaintiff before trial to be held in New York City on November 9, 1953. Plaintiff not appearing for the examination, defendant made a motion for dismissal which Judge Murphy granted November 21 and reaffirmed on December 9, 1953, after reargument. Plaintiff was represented throughout by counsel, who, as the record shows, carefully warned him in advance of the possible consequences of failure to appear.

The record contains no showing of any excuse for plaintiff's default, although Judge Murphy explained to counsel that he might move to vacate the notice of examination. Fed.Rules Civ.Proc. rule 30(a), 28 U.S.C.; see also F.R.C.P. 55 (c) and 60(b), providing methods for the setting aside of a default after entry. At the original hearing, plaintiff's counsel contented himself with merely presenting a "Certificate of Medical Care" from the United States Public Health Service Hospital in Baltimore showing treatment to October 9, 1953. On the reargument plaintiff presented only an affidavit of counsel, suggesting that he was still undergoing "outpatient treatment" at a like hospital in Boston. This obviously inadequate response to an order in due course made with the backing of court process shows no abuse of discretion on the part of the judge in making the dismissal order authorized by F.R.C.P. 37(b) (2) (iii). There is nothing to the objection of undue speed; the procedure is well within all limits set in the rules. It may be noted that maritime lawyers appear to object to these rules as, in certain aspects, not permitting of enough speed. See Maritime Law Association, Doc. No. 375–A, Aug. 7, 1953, proposing Admiralty R.P. 58(d) to modify F.R.C.P. 26(a).

Affirmed.